If the deed given by Patterson to Scales does not fall within the laws regulating the registration of mortgage deeds, it falls within the operation of another equally fatal to it. It bears date 2 September, 1819, and by the act of 1789, ch. 315, sec. 2, it ought to have been registered within twelve months after its execution; otherwise the (20) act declares it to be void and of no force whatsoever. It was not registered until November, 1821, and at that time there was no law giving further time in cases where the time had elapsed within which deeds ought to have been registered. The last law which had passed was in 1818, ch. 967. That law gave a further time of two years, but its provisions were inoperative when the deed in question was registered. The deed must, therefore, on that account give way to executions.
It is true that an act afterwards passed, in the year 1821, chapter 10, giving a further time of two years for the registration of all grants, deeds, bills of sale, etc. It is also true, I think, that that act comprehended and validated the registration of the deed in question as to all future transactions; yet I do not think, that it divested rights under the execution which had vested before that time. I therefore think the rule for a new trial should be made absolute.
And of this opniion [opinion] was Judge HENDERSON.
Cited: Jones v. Sasser, 14 N.C. 379; Hill v. Jackson, 31 N.C. 336;Tooley v. Lucas, 48 N.C. 148; Isler v. Foy, 66 N.C. 551; McCall v.Wilson, 101, 601; Spivey v. Rose, 120 N.C. 165; Dew v. Pyke, 145 N.C. 307.
(21)